# EXHIBIT 2

*CJ-17-5745*
*Davis*



*1038271655*

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

McKee Excavating, Inc.,                  )
an Oklahoma Corporation,                 )
Randy McKee, an individual,              )
Kelly Rohling, an individual,            )
Brian Johnston, an individual, and       )
Eduardo Nunez, an individual,            )
                                         )
    Plaintiffs,                         )
                                         )
v.                                       )
                                         )
Liberty Mutual Insurance Company,        )
a foreign corporation, and               )
Ohio Security Insurance Company,         )
a foreign corporation,                   )
                                         )
    Defendants.                         )

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

OCT - 9 2017

RICK WARREN
COURT CLERK
40_____

## CJ- 2017 - 5745

Case No.

## PETITION

COME NOW Plaintiffs McKee Excavating, Inc., Randy McKee, Kelly Rohling,

Brian Johnston and Eduardo Nunez, by and through their attorneys, Shawn D. Fulkerson,

Jennifer A. Bruner and Carolie E. Rozell, of Fulkerson & Fulkerson, P.C., and for their

cause of action against Defendants Liberty Mutual Insurance Company and Ohio Security

Insurance Company, allege and state the following:

1.      Plaintiff McKee Excavating, Inc., is an Oklahoma corporation having its

principal place of business in Lincoln County, State of Oklahoma.

2.      Plaintiff Randy McKee is now, and was at the time of the accident, a resident

of Lincoln County, State of Oklahoma.

3.      Plaintiff Kelly Rohling is now and was at the time of the accident, a resident

of Lincoln County, State of Oklahoma.

4.    Plaintiff Brian Johnston is now a resident of Fairplay, Park County, State of Colorado.

5.    Plaintiff Eduardo Nunez is now and was at the time of the accident, a resident of Oklahoma County, State of Oklahoma.

6.    Defendant Liberty Mutual Insurance Company ("Liberty Mutual") is a foreign insurance company, domiciled and incorporated in the State of Massachusetts and licensed and registered to transact insurance business throughout the State of Oklahoma.

7.    Defendant Ohio Security Insurance Company ("Ohio Security") is a foreign insurance company, domiciled and incorporated in the State of New Hampshire and registered and licensed to transact insurance business in the State of Oklahoma.

8.    Plaintiff McKee Excavating, Inc. and Defendant Ohio Security are parties to an insurance contract having policy number BAS (15) XX XX 29 12.

9.    Plaintiffs Randy McKee, Kelly Rohling, Brian Johnston and Eduardo Nunez were injured when the truck they were in, which was insured by Defendant Ohio Security, was violently struck by an underinsured driver on the 19th day of October, 2014, which occurred at or around the intersection of State Highway 9 and County Road, near Canadian, in Pittsburg County, State of Oklahoma.

10.    Jurisdiction and venue are proper in Oklahoma County, State of Oklahoma.

11.    Plaintiff, Randy McKee was the restrained driver of a 2012 Ford F250 crew cab truck traveling eastbound on State Highway 9.

12.    Plaintiff Randy McKee had come to a stop and engaged his left-hand turn

-2-

signal for the purpose of making a left turn onto a private road.

13.     Plaintiffs Kelly Rohling, Brian Johnston and Eduardo Nunez were fault free passengers in the vehicle operated by Plaintiff Randy McKee.

14.     The underinsured driver was operating a 2013 Chevrolet Silverado 1500 truck traveling eastbound on State Highway 9 when he violently rear-ended the vehicle occupied by the Plaintiffs, such that he is the sole and direct cause of Plaintiffs' damages flowing from the collision.

15.     As a result of the violent collision, Plaintiffs sustained bodily injuries, incurred medical expenses, lost wages and experienced physical and mental pain and suffering, all of which will continue into the future. These injuries were directly and proximately caused by the negligence of the underinsured driver, without any negligence on the part of the Plaintiffs.

16.     The underinsured driver's negligence includes, but is not limited to, the following acts and omissions:

a.     Failure to use reasonable and proper care in the operation of his motor vehicle;

b.     Failure to take reasonable and proper evasive action to avoid or diminish the effects of the collision;

c.     Failure to use the means at hand, such as brakes and steering mechanisms, to control his vehicle and avoid striking the Plaintiffs;

d.     Negligent *per se* due to operation of the vehicle in violation of Oklahoma Statutes, including but not limited to, 47 O.S. §§ 11-310, 11-801(A), and/or 11-901b;

-3-

e.      Failure to devote full time and attention to driving; and

f.      Following too closely.

17.     As a direct and proximate result of the acts alleged above, Plaintiffs suffered severe and permanent personal injuries, resulting in the following elements of damages, past, present and future:

a.      Medical expenses;

b.      Physical and mental pain and suffering;

c.      Disability and/or disfigurement;

d.      Emotional distress;

e.      Lost wages; and

f.      Loss of enjoyment and quality of life and/or loss of consortium.

18.     The underinsured driver's conduct was grossly negligent, willful and/or wanton, or a reckless disregard for the rights of others, including Plaintiffs.

19.     Defendant Ohio Security is wholly owned by affiliates and/or subsidiaries of Defendant Liberty Mutual, such that Defendant Liberty Mutual bears some risk of loss or stands to benefit from approval or denial of claims.

20.     Upon information and belief, Defendant Liberty Mutual acts as a third party administrator who receives the claim filings and investigates, evaluates, adjusts, approves, denies and/or settles insurance claims on behalf of or for the benefit of itself and Defendant Ohio Security.

21.     Plaintiffs reported their claims to Defendants, which resulted in the claim being received by Defendant Liberty Mutual and/or being filed with Defendant Ohio

-4-

Security.

22.     After reporting of the claim, all materials in support of the claim were required to be submitted to Defendant Liberty Mutual.

23.     Defendant Liberty Mutual and/or its employees or agents have communicated with the Plaintiffs regarding the claim and have performed whatever claims handling, investigation and/or evaluation that was done.

24.     Plaintiffs complied with all conditions precedent to recovery of underinsured and/or uninsured motorist benefits under the subject insurance policy.

25.     Plaintiffs advised Defendants of the policy limits of the underinsured driver and provided Defendants with copies of Plaintiffs' medical records, bills and other materials supporting the claims.

26.     Defendants Liberty Mutual and Ohio Security owed a duty of good faith and fair dealing to the Plaintiffs.

27.     Defendants Liberty Mutual and Ohio Security breached the subject insurance contract and breached the implied covenant of good faith and fair dealing by wrongfully engaging in the following acts:

a.     Failing and refusing payment and other policy benefits owed to Plaintiffs at a time when Defendants knew that Plaintiffs were entitled to those benefits;

b.     Failing to properly investigate Plaintiffs' claims;

c.     Withholding payment of benefits due and owing to Plaintiffs while knowing that Plaintiffs' claims were valid and that their damages exceeded the policy limits of the underinsured driver;

d.      Refusing to honor Plaintiffs' claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

e.      Refusing to honor Plaintiffs' claims in some instances by applying restrictions not contained in the policy;

f.      Refusing to honor Plaintiffs' claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

g.      Failing to adopt and implement reasonable standards for the prompt investigation, evaluation and review of materials and claims submitted by its insureds;

h.      Failing to adopt and implement reasonable standards and procedures for claims handling under Defendants' insurance policy, including but not limited to policy affording coverage to the Plaintiffs;

i.      Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claims once the underinsured nature of the claim and liability had become reasonably clear;

j.      Forcing Plaintiffs to retain counsel in order to secure benefits that Defendants knew were payable;

k.      Failing to properly evaluate any investigation that was performed;

l.      Refusing to consider the reasonable expectations of the insured;

m.      Failing and refusing to properly investigate and consider the insurance coverage promised to the insured;

n.      Refusing to timely evaluate and pay the Plaintiffs' claims while Defendants evaluates a potential subrogation claim against the underinsured driver; and

o.     Refusing to reasonably and timely respond to inquiries from the Plaintiffs and their representatives.

28.     The acts and omissions of Defendants were to the benefit of Defendants and to the detriment of the insureds, in violation of the implied duty of good faith and fair dealing.

29.     Ohio Security has failed, refused or neglected to promptly, fairly and equitably pay policy benefits due to the Plaintiffs, which constitutes breach of the insurance policy contract.

30.     As a direct result of the acts and omissions of Defendants Liberty Mutual and Ohio Security, by and through their agents, adjustors and/or representatives, Plaintiffs have suffered loss of the use of the policy benefits, financial hardship, loss of the coverage promised by Defendant Ohio Security, incurred attorney expenses and other consequential damages, including but not limited to mental and emotional distress.

31.     The acts and/or omissions of Ohio Security and/or Liberty Mutual were careless, wanton, reckless and without regard for the rights of others, including the rights of the Plaintiffs, such that punitive damages are appropriate.

WHEREFORE, Plaintiffs McKee Excavating, Inc., Randy McKee, Kelly Rohling, Brian Johnston and Eduardo Nunez pray for judgment against Defendants Liberty Mutual Insurance Company and Ohio Security Insurance Company for their damages, both compensatory damages and punitive damages, with interest and costs of this action, for a reasonable attorney fee, and for such other and further relief as may be appropriate. The amount sought as damages is in excess of the amount required for diversity jurisdiction,

-7-

pursuant to 28 U.S.C. §1332.

Shawn D. Fulkerson, OBA No. 14484
Jennifer A. Bruner, OBA No. 19763
Carolie E. Rozell, OBA No. 19679
FULKERSON & FULKERSON, P.C.
10444 Greenbriar Place, Suite A
Oklahoma City, OK  73159
405.691.4949
405.691.4595 (fax)
Attorneys for Plaintiffs

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**