**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| McKee Excavating, Inc.,<br>an Oklahoma Corporation,<br>Randy McKee, an individual,<br>Kelly Rohling, an individual,<br>Brian Johnston, an individual, and<br>Eduardo Nunez, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>Liberty Mutual Insurance Company,<br>a foreign corporation, and<br>Ohio Security Insurance Company,<br>a foreign corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 17-cv-01182-M |

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Date of Conference: Tuesday, March 6, 2018 (2:40 p.m.)

Appearing for Plaintiffs: Shawn D. Fulkerson
Philip O. Watts
Weston O. Watts
Fulkerson & Fulkerson, P.C.
10444 Greenbriar Place, Suite A
Oklahoma City, OK 73159

Appearing for Defendants: William W. O'Connor
Margo E. Shipley
Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.
320 S. Boston Avenue, Suite 200
Tulsa, OK 74103-3706

**Jury Trial Demanded X - Non-Jury Trial □**

1. **BRIEF PRELIMINARY STATEMENT**. State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

Plaintiff: Plaintiffs McKee Excavating, Inc., Randy McKee, Kelly Rohling, Brian Johnston and Eduardo Nunez ("Plaintiffs") were seriously injured when the truck they were in, which was insured by Defendants, was struck by an underinsured driver on October 19, 2014 at the intersection of State Highway 9 and County Road in Pittsburg County, State of Oklahoma. The underinsured driver was operating a 2013 Chevrolet Silverado 1500 truck traveling eastbound on State Highway 9 when he violently rear-ended the vehicle occupied by the Plaintiffs, through no fault of the Plaintiffs. After reporting their claims to Defendants, Plaintiffs submitted all materials in support of their claims to Defendants, complied with all conditions precedent to recovery of benefits under the subject insurance policy, and advised Defendants of the policy limits of the underinsured driver and further provided copies of Plaintiffs' medical records, bills and other materials supporting the claim. Despite the efforts of the Plaintiffs, Defendants failed to properly pay policy benefits owed to Plaintiffs at a time when Defendants knew that Plaintiffs were entitled to those benefits, failed to appropriately investigate Plaintiffs' claims, and knowingly misapplied the provisions of its policy. Consequently, Defendants breached the implied covenant of good faith and fair dealings by failing and refusing to make full payment for the damages sustained under these circumstances. Defendants have further wholly failed to adopt reasonable standards for effective handling of claims such as those of Plaintiffs.

Defendants: Plaintiff McKee Excavating, Inc. had an automobile insurance Policy with Defendant Ohio Security Insurance Company ("Ohio Security"). Plaintiffs Randy McKee, Kelly Rohling, Brian Johnston, and Eduardo Nunez made a claim with Ohio Security, claiming they were injured in an automobile accident on or about October 19, 2014. After Plaintiffs reported the accident, Ohio Security investigated and evaluated the claims and paid medical payments limits to each injured Plaintiff. Plaintiffs filed suit on October 9, 2017 not only against the entity that issued the subject Policy, Ohio Security, but also against Defendant Liberty Mutual Insurance Company ("Liberty Mutual"). Plaintiffs claim they are owed additional insurance benefits and have asserted claims for breach of contract and breach of the duty of good faith and fair dealing against Defendants. On December 28, 2017, this Court dismissed Plaintiffs' breach of contract claim asserted against Liberty Mutual.

Liberty Mutual defends against Plaintiffs' bad faith claim on grounds that it did not issue the Policy and, therefore, owes Plaintiff no duty of good faith and fair dealing and is an improper party to this litigation.  Defendants also defend against Plaintiffs' claims on the following grounds: Plaintiffs' Complaint fails to state a claim upon which relief can be granted.  Plaintiffs have failed to satisfy conditions precedent and subsequent to recovery of benefits under the applicable Policy.  The terms and conditions of the applicable Policy do not entitle Plaintiffs to payment of any benefits thereunder.  At all times in the course of their dealings with Plaintiffs, Defendants acted reasonably, fairly, in good faith, and in conformity with the terms and conditions of the applicable Policy.  Plaintiffs' claims may be barred by any applicable statute of limitations and the doctrines of waiver, estoppel, and laches.  An award of punitive damages under the alleged facts would violate the Due Process, Equal Protection, and Excessive Fines clauses of the Constitutions of the United States and the State of Oklahoma.  Any award of punitive damages shall not exceed the amounts set forth in OKLA. STAT. tit. 23, § 9.1.  Under OKLA. STAT. tit. 23, § 61.2, the amount of compensation which a trier of fact may award Plaintiffs for noneconomic loss shall not exceed $350,000.00.  Applying all of the provisions, exclusions, and conditions contained within Ohio Security's policy of insurance, any recovery is barred or must be reduced accordingly.  Plaintiffs' damages, if any, were caused by parties other than Defendants.  Plaintiffs' damages, if any, were caused by Plaintiffs' lack of cooperation with the investigation and evaluation of the claim.  Plaintiffs have failed to mitigate their damages.

2. **JURISDICTION**.  State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

   Diversity Jurisdiction pursuant to 28 U.S.C. §1332(a).

3. **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

   a. Jurisdiction and venue are proper in this Court.
   b. The laws of the State of Oklahoma apply to this dispute.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a. Plaintiffs: Breach of contract, Breach of the duty of good faith and fair dealings; severe emotional and mental distress; punitive award.

    b. Defendants: N/A

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE.**
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

□ Yes X No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

The parties will jointly apply for a Protective Order.
Defendant will file a Motion for Summary Judgment and Motions in Limine.

7. **COMPLIANCE WITH RULE 26(a)(1).** Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made? □ Yes X No
If "no," by what date will they be made? March 2, 2018

8. **PLAN FOR DISCOVERY.**

A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on February 13, 2018.

B. The parties anticipate that discovery should be completed within 7 months.

C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? 4 months.

D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

X Yes □ No

E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

X Yes □ No

    To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

The parties shall submit an Agreed Protective Order & shall exchange Privilege Logs if necessary.

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.
N/A

9. **ESTIMATED TRIAL TIME**: 4-5 days

10. **BIFURCATION REQUESTED**: □ Yes X No

11. **POSSIBILITY OF SETTLEMENT**: X Good □ Fair □ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

A. Compliance with LCvR 16.1(a)(1) - ADR discussion: X Yes □ No

B. The parties request that this case be referred to the following ADR process:

□ Court-Ordered Mediation subject to LCvR 16.3
□ Judicial Settlement Conference
□ Other ______________________________
X None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge? □ Yes X No

14. Type of Scheduling Order Requested. X Standard - □ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 27th day of February, 2018.

s/Philip O. Watts
Shawn D. Fulkerson, OBA No. 14484
Philip O. Watts, OBA No. 11000
Weston O. Watts, OBA No. 33299
Fulkerson & Fulkerson, P.C.
10444 Greenbriar Place, Suite A
Oklahoma City, OK  73159
405.691.4949
405.691.4595 (fax)
sfulkerson@fulkersonlawoffice.com
w.watts@fulkersonlawoffice.com

**COUNSEL FOR PLAINTIFFS**


s/Margo E. Shipley
William W. O'Connor, OBA No. 13200
Margo E. Shipley, OBA No. 32118
HALL, ESTILL, HARDWICK,
GABLE, GOLDEN & NELSON, P.C.
320 S. Boston Avenue, Suite 200
Tulsa, OK  74103-3706
918.594.0400
918.594.0505 (fax)
boconnor@hallestill.com
mshipley@hallestill.com

**COUNSEL FOR DEFENDANTS LIBERTY MUTUAL INSURANCE COMPANY AND OHIO SECURITY INSURANCE COMPANY**